```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
ANTHONY G. BELL,                                           :
                                                           :
                            Plaintiff,                     :
                                                           :       21-CV-2792 (VSB)
               -against-                                   :
                                                           :            ORDER
THE CITY OF NEW YORK, et al.,                              :
                                                           :
                            Defendants.                    :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of a letter from pro se Plaintiff asking for the Court's assistance in finding out why Defendant Praxis Housing Initiatives, Inc. ("Praxis") has not been served.  (Doc. 17.)

      Generally, it is the plaintiff's responsibility to serve defendants.  *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).").  However, because Plaintiff has been granted permission to proceed in forma pauperis ("IFP"), Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure usually requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued.  I therefore extended Plaintiff's time to serve until 90 days after the date

summonses were issued.  (Doc. 7.)  The summonses were issued on February 16, 2022.  (Doc. 8.)  Therefore, the deadline for service was May 17, 2022.

I previously advised Plaintiff that if the amended complaint was not timely served, Plaintiff should request an extension of time for service.  (Doc. 7.)  I liberally construe pro se Plaintiff's letter, (Doc. 17), as a request for such an extension.  Accordingly, since the U.S. Marshals have not yet effected service, the Court extends the time to serve Defendant Praxis an additional 180 days, to November 14, 2022.  *See* Fed. R. Civ. P. 4(m).  If the U.S. Marshals cannot effect service by that date, Plaintiff should request an additional extension of time for service.

Plaintiff is warned that if the U.S. Marshals do not serve Defendant Praxis by November 14, 2022, and if Plaintiff does not request an additional extension of time for service prior to November 14, 2022, I may dismiss Plaintiff's claims against Defendant Praxis under Federal Rule of Civil Procedure 4(m).  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (affirming the dismissal of a pro se plaintiff's case because she failed to request an extension of time for the Marshals to effect service).

The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff.

SO ORDERED.

Dated: August 17, 2022
      New York, New York

                                          Vernon S. Broderick
                                          United States District Judge